Mary Maxine ZAJAC, Administratrix *v.* MISSOURI
PACIFIC RAILROAD et al.

85-289                                    707 S.W.2d 309

Supreme Court of Arkansas
Opinion delivered April 14, 1986

*The Haskins & Hendricks Law Firm*, by: *Clark W. Mason*,
for appellant.

*Friday, Eldredge & Clark*, by: *James M. Simpson* and *C.
Tab Turner*, for appellees.

GEORGE ROSE SMITH, Justice. This action for the wrongful
death of Thomas Albert Zajac arose from a crossing accident in
Pulaski County in September, 1984. Zajac was killed. The jury's
verdict after a five-day trial was for the defendant. The only
argument for reversal is that the trial judge should not have given
a modified version of AMI 908, by which the jury was instructed
that no person shall drive on any highway a vehicle which is in
such an unsafe condition as to endanger any person. AMI Civil
2d, 908 (1974). It is contended that there was no substantial

evidence to support a finding that the mechanical condition of Zajac's pickup truck was a proximate cause of his death. We cannot sustain that contention.

The only two eyewitnesses who described the accident were members of the train crew. The brakeman, who was sitting on the left in the lead engine, had the clearer view. At a distance of 300 feet he saw the pickup slowly approaching the crossing from the left. It crept up on the track and stalled or stopped right in the middle of the track. The emergency brakes were applied, but it was too late to stop the train, which was about a mile long. At first the driver of the truck was looking straight ahead, but a few seconds before the impact he looked at the train. The brakeman testified: "It looked like he was either downshifting—he took the lever and went up with it the last time I seen him."

The decedent, Tommy Zajac, had been about high-school age. One of his friends testified that Tommy had a problem with the gears in his truck. Occasionally the shifter would hang up when he was going into another gear. It didn't happen much, but when it did Tommy had to stop and reach under the hood to unjam the linkage. When the trouble occurred, Tommy would try to wiggle the gear shift knob to get it into gear. This witness had seen the gears hang up a day or two before the accident.

Tommy's girlfriend, who said she and Tommy were planning to be married, was familiar with the gearshift problem. She said that Tommy bought a part for the problem and that he and his father fixed it on the day before the accident. She and Tommy then went for a ride and had no problems. They assumed it was fixed. On cross examination she admitted that in a deposition she had said that the truck was fixed "sometime during the two weeks before he got killed." She explained that she just couldn't remember then, but she thought back about it and remembered that it had been the day before the accident.

■■ It was for the jury to decide whether the gearshift defect contributed to the accident. According to the brakeman, young Zajac's truck stalled on the track. In the last few seconds Zajac saw the approaching train and was working with the gearshift lever just before the impact. Upon all the testimony the

jury could have found that the truck stalled on the track because the malfunctioning of the gearshift had not been repaired. It was accordingly proper for the court to give the instruction about which complaint is made.

Affirmed.

PURTLE, J., not participating.